(18)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

KEYUNNA TAYLOR

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**v.**

LIFESTANCE HEALTH, INC.

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case: **2:26–cv–10647**
Assigned To : **White, Robert J.**
Referral Judge: **Altman, Kimberly G.**
Assign. Date : **2/25/2026**
Description: **CMP Taylor v. LifeStance Health Inc., et al (jo)**

Jury Trial: ☑ Yes ☐ No
*(check one)*

# Complaint for Employment Discrimination

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | KEYUNNA TAYLOR |
| Street Address | 8302 TOWNE CENTER CIR. #46 |
| City and County | WARREN, MACOMB COUNTY |
| State and Zip Code | MI 48093 |
| Telephone Number | 3132043886 |
| E-mail Address | KEYUNNAET@GMAIL.COM |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | LIFESTANCE HEALTH, INC |
| Job or Title (if known) | |
| Street Address | 4800 SCOTTSDALE RD. STE 6000 |
| City and County | SCOTTSDALE |
| State and Zip Code | AZ. 85251 |
| Telephone Number | 4252798500 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

**C. Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | WORKING REMOTELY |
| Street Address | 8302 TOWNE CENTER CIR #46 |
| City and County | WARREN, MACOMB |
| State and Zip Code | MI. 48093 |
| Telephone Number | 3132043886 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[ ] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:

42 U.S.C 12203

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☐ Other acts *(specify)*:

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) MUTIPLE DATES, INSTANCES DURING THE TENURE OF MY EMPLOYMEN

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race BLACK
- ☐ color ______
- ☐ gender/sex ______
- ☐ religion ______
- ☐ national origin ______
- ☐ age. My year of birth is ______. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

  OCD, ANXIETY, DEPRESSION

E. The facts of my case are as follows. Attach additional pages if needed.

On or about October 15, 2025, Plaintiff informed her manager that she was again experiencing significant medical stress related to workload demands and was considering taking an additional medical leave. The first work related medical leave was July21, 2025-August 28, 2025. On October 16, 2025, the following day after Plaintiff's disclosure, Defendant initiated a Performance Improvement Plan ("PIP"). After the PIP meeting, also on October 16, 2025, Plaintiff submitted a written communication requesting an accommodation and expressing concern that the PIP was connected to her medical condition and leave-related disclosures. Defendant acknowledged Plaintiff's concerns and subsequently on or about October 29, 2025 opened an internal employee-relations investigation in response to Plaintiff's protected activity. Defendant did not inform Plaintiff that any final termination decision had been made at that time. While the investigation remained pending, Defendant continued to treat Plaintiff as an active employee, requested leave extensions and documentation, and required benefits-related actions consistent with continued employment. Defendant delegated ADA-related communications to a third-party administrator and failed to engage in a good-faith interactive process with Plaintiff. Plaintiff never received any findings, conclusions, or closure regarding the investigation. On or about December 3, 2025, Defendant terminated Plaintiff, stating that the termination decision had allegedly been made on October 16, 2025. Defendant's conduct—continuing to treat Plaintiff as an active employee while later asserting a retroactive termination decision—was inconsistent with a finalized decision and interfered with Plaintiff's rights under the ADA and FMLA.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

December 3, 2025

B. The Equal Employment Opportunity Commission *(check one)*:

- ☐ has not issued a Notice of Right to Sue letter.
- ☑ issued a Notice of Right to Sue letter, which I received on *(date)*

  January 22, 2026.

  *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Attach additional pages if needed.

I am seeking relief based on the wrongful actions taken against me after I requested a workplace accommodation. Those actions resulted in the loss of my job, interruption of income and benefits, and emotional harm.

I am requesting:

Compensation for lost wages and benefits resulting from my termination, in an amount to be determined by the Court.

Compensatory damages for emotional distress, stress, and harm to my professional standing caused by how I was treated after requesting accommodation.

Punitive or exemplary damages to hold Defendant accountable for its conduct and to deter similar actions in the future.

Equitable relief, including correction of my personnel records to remove adverse actions connected to my accommodation request.

Costs and fees, if allowed.

The effects of Defendant's actions continued through my termination and caused ongoing harm beyond the date of discharge.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: FEBRUARY 15, 2026.

Signature of Plaintiff [signature]

Printed Name of Plaintiff KEYUNNA TAYLOR

**Additional Information:**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

**KeYunna E. Taylor,**
Plaintiff, Pro Se,
v.
**LifeStance Health, Inc.**, Defendant.

Case: 2:26-cv-10647
Assigned To : White, Robert J.
Referral Judge: Altman, Kimberly G.
Assign. Date : 2/25/2026
Description: CMP Taylor v. LifeStance Health Inc., et al (jo)

Case No.
_ Hon. __

# COMPLAINT AND JURY DEMAND

## I. INTRODUCTION

1. This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., based on Defendant LifeStance Health, Inc.'s interference with Plaintiff's protected medical leave, failure to engage in the ADA interactive process, and retaliation for protected activity.

2. Plaintiff was terminated shortly after requesting accommodation and protected leave, while Defendant continued to treat her as an active employee and while an internal employee-relations investigation, initiated in response to Plaintiff's protected activity, remained pending.

3. Plaintiff seeks limited and targeted relief under federal law. She does not seek reinstatement, back pay, front pay, or other broad wage-replacement relief, and does not seek to litigate or recover damages arising from any separate state-court action or conduct by individual actors.

## II. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff's claims arise under federal law.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in this District and Defendant conducts business here.

3. Plaintiff brings claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.

## III. PARTIES

1. Plaintiff KeYunna E. Taylor is a resident of the State of Michigan and was employed by Defendant during the relevant period.

2. Defendant LifeStance Health, Inc. is an employer within the meaning of the ADA and FMLA and conducts business in the State of Michigan.

## IV. ADMINISTRATIVE EXHAUSTION

1. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination, retaliation, failure to engage in the ADA interactive process, and related adverse actions arising from protected medical leave.

2. On January 22, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.

3. Plaintiff has satisfied all administrative prerequisites applicable to her ADA claims. No administrative exhaustion is required for Plaintiff's FMLA claims.

## V. FACTUAL ALLEGATIONS

1. On or about October 15, 2025, Plaintiff informed her manager that she was experiencing significant medical stress related to workload demands and was considering taking additional medical leave.

2. On October 16, 2025, shortly after Plaintiff's disclosure, Defendant initiated a Performance Improvement Plan ("PIP").

3. On October 16, 2025, Plaintiff submitted a written communication expressing concern that the PIP was connected to her medical condition and leave-related disclosures.

4. Defendant acknowledged Plaintiff's concerns and advised on or about October 29, 2025 that an internal employee-relations investigation had been opened in response to Plaintiff's protected activity.

5. Defendant did not inform Plaintiff that any final termination decision had been made at that time.

6. While the investigation remained pending, Defendant continued to treat Plaintiff as an active employee, requested leave extensions and documentation, and required benefits-related actions consistent with continued employment.

7. Defendant delegated ADA-related communications to a third-party administrator and failed to engage in a good-faith interactive process with Plaintiff.

8. Plaintiff never received any findings, conclusions, or closure regarding the investigation.

9. On or about December 3, 2025, Defendant terminated Plaintiff, stating that the termination decision had allegedly been made on October 16, 2025.

10. Defendant's conduct continuing to treat Plaintiff as an active employee while later asserting a retroactive termination decision, was inconsistent with a finalized decision and interfered with Plaintiff's rights under the ADA and FMLA.

11. Plaintiff reasonably relied on Defendant's continued representations and conduct indicating that her employment remained active while the investigation was pending.

## VI. CLAIMS FOR RELIEF

### Count I – Disability Discrimination (ADA)

1. Defendant discriminated against Plaintiff on the basis of disability in violation of the ADA.

### Count II – Failure to Accommodate / Failure to Engage in the Interactive Process (ADA)

1. Defendant failed to engage in the interactive process and denied Plaintiff reasonable accommodation, in violation of the ADA.

### Count III – Retaliation (ADA)

1. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA.

### Count IV – Interference (FMLA)

1. Defendant interfered with Plaintiff's exercise of rights protected by the FMLA.

### Count V – Retaliation (FMLA)

1. Defendant retaliated against Plaintiff for taking protected medical leave under the FMLA.

## VII. DAMAGES AND RELIEF

1. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered compensable injuries, including emotional distress, loss of statutory rights, and other non-economic harms recognized under federal law.

2. Plaintiff seeks compensatory damages, statutory damages, punitive damages as permitted by law, costs, interest, and such other relief as the Court deems just and proper.

3. Plaintiff does not seek reinstatement or restoration of employment-related benefits.

4. Plaintiff seeks wage-related relief only to the limited extent permitted under applicable law.

## VIII. JURY DEMAND

1. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**KeYunna E. Taylor**
**8302 Towne Center Cir**
**#46**
**Warren, MI. 48093**
**313.204.3886**
**Keyunnaet@gmail.com**
Plaintiff, Pro Se

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Detroit Field Office**
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0020
Website: www.eeoc.gov

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/22/2026

**To:** Keyunna Taylor
8302 Towne Center Circle Apt. 46
Warren, MI 48093
Charge No: 471-2025-04003

EEOC Representative and email: DEANNA WOOTEN
ENFORCEMENT MANAGER
DEANNA.WOOTEN@EEOC.GOV

---

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 471-2025-04003.

On behalf of the Commission,

Digitally Signed By:Ramiro Gutierrez
01/22/2026

Ramiro Gutierrez
Director

**Cc:**
NA NA
LIFESTANCE HEALTH, INC.
8302 Towne Center Circle 46
WARREN, MI 48093

LaLonnie Gray
LIFESTANCE HEALTH
7373 N. Scottsdale Rd. Suite 6000
Scottsdale, AZ 85253

Please retain this Notice for your records.

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

County in which action arose: MACOMB

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KEYUNNA TAYLOR

**(b)** County of Residence of First Listed Plaintiff MACOMB
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KEYUNNA TAYLOR
8302 TOWNE CENTER CIR #46
WARREN, MI. 48093 313-204-3886

## DEFENDANTS

LIFESTANCE HEALTH, INC

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

**Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):**
42 U.S.C 12203 AMERICANS WITH DISABILITIES ACT- RETALIATION 42 U.S.C 12112

Brief description of cause:
RETALIATION UNDER ADA ACT. ADVERSE EMPLOYMENT ACTIONS INCLD. INTERFERENCE, DICIPLINE, TERMINATION

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

Notes :

Ke'Yunna Taylor
8302 Towne Center Cir
#46
Warren, MI. 48093

RECEIVED
FEB 25 2026
CLERK'S OFFICE
DETROIT

F

US POSTAGE IMI 970960218180446 2000392825
$11.68
SSK
FCM
02/18/26 Mailed from 48090 028W2311538

USPS FIRST-CLASS MAIL®

KEYUNNA TAYLOR
8302 TOWNE CENTER CIR S
WARREN MI 48093-5277

7.40 oz
RDC 99

RETURN RECEIPT REQUESTED

C052

SHIP TO:
OFFICE THE CLERK
US DISTRICT COURT
231 W LAFAYETTE BLVD
DETROIT MI 48226-2700

USPS CERTIFIED MAIL®

9507 1066 5961 6049 5978 92

U.S. District Court
Office of the Clerk
231 W. Lafayette
5th Flr
Detroit, MI. 48226